# Exhibit 1

SPS

# COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Carmelia Proctor vs. Aecom Inc et al.

CL-2019-0010829

TO:   Aecom Management Services Inc
f/k/a URS Federal Services Inc
Serve CT Corporation System
4701 Cox Road Suite 285
Glen Allen VA 23060

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on August 9, 2019.

JOHN T. FREY, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney: Ernest P. Francis

VIRGINIA:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| CARMELIA PROCTOR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| AECOM, INC. ) | |
| d/b/a AECOM Technology Corp, a/k/a AECOM ) | **2019 10829** |
| 1999 Avenue of the Stars ) | |
| Suite 2600 ) | |
| Los Angeles, CA 90067-6033 ) | |
| ) | |
| Serve: ) | |
| ) | |
| CT Corporation System ) | |
| 4701 Cox Road ) | |
| Suite 285 ) | |
| Glen Allen, VA 23060 ) | |
| ) | |
| and ) | |
| ) | |
| AECOM MANAGEMENT SERVICES, INC., ) | |
| f/k/a URS Federal Services, Inc. ) | |
| 20501 Seneca Meadows Parkway ) | |
| Suite 300 ) | |
| Germantown, MD 20876 ) | |
| ) | |
| Serve: ) | |
| ) | |
| CT Corporation System ) | |
| 4701 Cox Road ) | |
| Suite 285 ) | |
| Glen Allen, VA 23060 ) | |
| ) | |
| Defendants. ) | |

FILED
CIVIL INTAKE
2019 AUG -7 PM 12:38
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

COMPLAINT

Plaintiff Carmelia Proctor ("Proctor") brings this action against Defendants AECOM, Inc. ("AECOM"), and AECOM Management Services, Inc. ("Management") and for her complaint in this action states as follows:

1. This action is brought under 42 U.S.C. § 2000e-5, and this court has concurrent jurisdiction with the United States District Courts for actions under that section.

2. Defendant AECOM is a corporation with thousands of employees engaged in an infrastructure and and consulting contractor business with numerous locations and thousands of employees across the world; its headquarters is at 1999 Avenue of the Stars, Suite 2600, Los Angeles, CA 90067-6033.

3. Defendant Management (an affiliate of Defendant AECOM) is a corporation with hundreds of employees engaged in the business of government contracting with its headquarters at 20501 Seneca Meadows Parkway, Suite 300, Germantown, MD 20876.

4. Defendant Management at one time was known as URS Federal Services, Inc., but it subsequently changed its name to AECOM Management Services, Inc.

5. Defendant Management is a party to a contract with the National Geospatial - Intelligence Agency ("NGIA"), an agency fo the United States government to provide security and other services for the headquarters of the agency in Springfield, Virginia.

6. In correspondence dates June 1, 2018, Defendant AECOM stated that AECOM Technology Corp. (a prior name for AECOM) was the employer of Proctor on June 1, 2018.

7. Defendant Management subsequently represented to the United States Equal Opportunity Commission that the employer of Proctor was URS Federal Services, Inc., a prior name for Management.

8. Until June 1, 2018, Proctor, an individual whose race is African-American, was employed by Defendants as a site security officer at the NGIA headquarters building at 7500 Geoint Drive, Springfield, VA 22150; on that date, Defendants discharged her from employment.

9. On the date that Defendants discharged Proctor from employment she had been employed at the NGIA headquarters building since 2009, and during most of that time she was a site security officer.

10. Proctor began employment at the NGIA headquarters building as an employee of Helm Point Solutions, and she then became an employee of Defendant when Helm Point Solutions lost its contract with NGIA in 2015.

11. At the time of Proctor's discharge from employment she was performing job duties at a level that exceeded Defendants' expectations as shown by the history of exceptional performance evaluations and raises that accompanied those evaluations.

## COUNT I
### Unlawful Employment Practice - 42 U.S.C. § 2000e-2(a)

12. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 11 as if the same were fully set forth herein.

13. On June 1, 2018, Defendants through Lori McKinney ("McKinney"), an employee of Management, sent Plaintiff an unsigned letter stating that he employment was being terminated because of the customer's revocation of access to the NGIA headquarters building.

14. This statement was false because McKinney later stated that NGIA (the customer) did not instruct Defendants to terminate the employment of Proctor.

15. In fact, Proctor was discharged on the basis of her race rather than because of anything that the customer had done.

16. Defendants have asserted that the discharge of Proctor was due to an incident on May 18, 2018, in which Proctor and another employee, Janice Jaskulski ("Jaskulski"), who is Caucasian, had physical contact in a narrow hallway at the the NGIA headquarters building.

17. As a result of that encounter, Proctor was discharged, but Jaskulski continued her employment even though she had engaged in the same conduct as Proctor.

18. In the alternative to the allegations of the preceding paragraph 15, the customer discriminated against Proctor on the basis of her race in revoking her access to the NGIA headquarters building, and Defendant knew that the customer was discriminating (in light of the different treatment of Proctor and Jaskulski) and acted to enforce the discriminatory actions of the customer in terminating Proctor's employment.

19. The discharge of Proctor from employment at Defendants followed a history of such discriminatory treatment.

20. Defendants have also justified Proctor's discharge on the ground of failure to comply with the dress code for their employees.

21. In fact these allegations have at least twice proven false, in 2016 and in April of 2018, when a supervisor in the chain of command (Donald Greenhow) accused Proctor of failing to comply with the dress code even though her immediate supervisor had approved the outfit that she was wearing.

22. In addition, Jaskulski was allowed to wear leggings that did not comply with the dress code and suffered no adverse consequences for doing that.

23. Defendants have also justified Proctor's discharge on the ground that she had erected a "wall" on her desk.

24. In fact what Defendants have characterized as a wall was nothing more than a calendar that Proctor had in an upright position on her desk.

25. Other white employees were allowed to maintain items in an upright position on their desks near Proctor's desk without adverse consequence to them.

26. Defendants have also justified Proctor's discharge on the ground that she had referred to Jaskulski as a "fat cow" even though Proctor did not make that statement in reference to Jaskulski.

27. Jaskulski had repeatedly made offensive remarks to African American employees. She referred to one as an *ssh*l*, and referred on two other occasions to two other such employees as sissy boys.

28. Jaskulski suffered no consequences for those offensive remarks while Proctor's supervisor Greenhow told Proctor that if she ever referred to a farm animal - such as by stating that she wanted a turkey burger - she would be terminated.

29. Even if Proctor's access to the NGIA headquarters building was revoked, Defendant was not required to discharge her from employment and instead could have found another position for her.

30. As a result of Defendants' discharge of Proctor from employment, she has suffered a serious reduction in income of more than 50 per cent.

31. Defendants have reported derogatory information to the JPAS system concerning Proctor, and that prevents her from obtaining employment with compensation commensurate with what she was earning as an employee of Defendants.

32. On August 27, 2018, Proctor filed a charge with the Equal Employment Opportunity Commission, which mailed a right to sue letter on May 8, 2019, and the earliest that Proctor could have received that letter was May 9, 2019.

33. Under 42 U.S.C. § 2000e-5(k), Proctor may recover her reasonable attorney's fees incurred in this action.

## COUNT II
### Retaliation - 42 U.S.C. § 2000e-3(a)

34. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 33 as if the same were fully set forth herein.

35. On April 4, 2018, April 5, 2018, April 9, 2018, April 12, 2018, and May 18, 2018, Proctor sent e-mails to McKinney (in the Defendants' human resources office) and in those e-mails complained of the discriminatory conduct to which she was subjected as set forth in the preceding paragraphs.

36. Defendants terminated Proctor based on the recommendation dated May 21, 2018, that she be terminated because she had been "Emailing outside entities (more than once) to resolve issues which could and should have rectified within the WSC using the chain of command and staff"

37. This recommendation for termination referred to the e-mails that Proctor had sent to McKinney in the in the human resources office on the dates specified in paragraph 34 above.

38. Plaintiff was absent from her office on May 22, 2018, for approved leave, and she was removed from the NGIA Springfield building - her place of employment - at the beginning of the day on May 23, 2018, before being terminated on June 1.

WHEREFORE Proctor demands judgment against Defendants for $300,000 plus prejudgment interest and her reasonable attorney's fees (as permitted by the statutory provision specified in the preceding paragraph 33) incurred in this action.

CARMELIA PROCTOR<br>
By Counsel

*Ernest P. Francis*

Ernest P. Francis
VSB#27276
ERNEST P. FRANCIS, LTD.
105 Oronoco Street
Suite 309
Alexandria, VA 22314
(703) 683-8888
Fax (703) 683-8887
E-mail: epfrancis@tristateconsumerlawyer.com

Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

*Ernest P. Francis*

Ernest P. Francis