IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CARMELIA PROCTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00033 (RDA/JFA) |
| ) | |
| AECOM, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Defendant AECOM, Inc.'s ("AECOM") and Defendant AECOM Management Services, Inc.'s ("AECOM Management") (collectively, "Defendants") Motion to Dismiss ("Motion"). Dkt. 2. The Court dispenses with oral argument as it would not aid in the decisional process. Local Civ. R. 7(J); Fed. R. Civ. P. 78. Accordingly, this matter is now fully briefed and ripe for disposition. Considering the Complaint (Dkt. 1-1)[1], Defendants' Motion (Dkt. 2), Defendants' Memorandum in Support of the Motion (Dkt. 3), Plaintiff Carmelia Proctor's ("Plaintiff") Memorandum in Opposition to the Motion ("Opposition") (Dkt. 6), and Defendants' Reply to Plaintiff's Memorandum in Opposition to the Motion ("Reply") (Dkt. 7), and for the following reasons, it is hereby ORDERED that Defendants' Motion is GRANTED.

---

[1] Pursuant to Federal Rule of Civil Procedure 81(c)(2), "[a]fter removal, repleading is unnecessary unless the court orders it." In the instant matter, the Court has not ordered Plaintiff to file a new complaint subsequent to removal. Therefore, this Court considers Plaintiff's Complaint that was originally filed in the Circuit Court of Fairfax County prior to removal. *See* Dkt. 1-1.

## I. BACKGROUND

### A. Factual Background

The facts as alleged in Plaintiff's Complaint are taken as true at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff is an African-American woman who was employed by Defendants from 2015 until June 1, 2018. Dkt. 1-1, ¶¶ 8-9, 15. For "most of that time," she worked as a "site security officer" at the National Geospatial Intelligence Agency ("NGIA") headquarters. *Id*. at ¶ 9. AECOM is a large corporation involved in contracting work relating to infrastructure and consulting. *Id.* at ¶ 2. AECOM Management is a government contractor and affiliate of AECOM. *Id.* AECOM Management contracted with the NGIA to provide security to NGIA's headquarters. *Id.*

Plaintiff claims that Defendants racially discriminated against her in violation of 42 U.S.C. § 2000e-2(a). *Id.* at ¶¶ 12-33. Plaintiff also maintains that in terminating her employment, Defendants retaliated against her in violation of 42 U.S.C. § 2000e-3(a) for reporting the racial discrimination she experienced. *Id.* at ¶¶ 34-38.

In her Complaint, Plaintiff sets forth that on June 1, 2018, she received an unsigned letter from Defendants, provided to her by Lori McKinney ("McKinney"), an employee in Defendant's Human Resources Department. *Id.* at ¶ 13. In the letter, Defendants explained that Plaintiff's "employment was being terminated because the customer[, presumably the NGIA,] revok[ed] [ ] [Plaintiff's] access to the NGIA headquarters building." *Id.*

However, Plaintiff maintains that her termination was based on racial discrimination. *Id.* at ¶ 15. In support of this allegation, Plaintiff contends McKinney later told her that NGIA had not in fact instructed Defendants to terminate Plaintiff's employment. *Id.* at ¶ 14.

In addition, Plaintiff describes multiple instances during her employment when she felt that Defendants discriminated against her because of her race. *See generally* Dkt. 1-1. One instance occurred on May 18, 2018, when plaintiff and another one of Defendants' employees, Janice Jaskulski ("Jaskulski"), who Plaintiff describes as Caucasian, "had physical contact in a narrow hallway at the [ ] NGIA headquarters building." *Id*. at ¶ 16. Following that "encounter," Plaintiff was discharged but she remained employed by Defendants. *Id*.

Plaintiff explains that, on other occasions in 2016 and again in 2018, Donald Greenhow ("Greenhow") "accused" Plaintiff of "failing to comply with the dress code[.]" *Id*. at ¶ 21. Plaintiff maintains that Greenhow did so despite the fact that Plaintiff's attire was "approved" by her "immediate" supervisor and that Jaskulski was "allowed to wear leggings that did not comply with the dress code[,]" yet, she "suffered no adverse consequences[.]" *Id*. at ¶¶ 21-22.

Plaintiff also asserts that another instance of discrimination occurred when she placed a "calendar in an upright position on her desk." *Id*. at ¶ 24. Plaintiff explains that Defendants improperly "justified" Plaintiff's discharge "on the ground that she had erected a 'wall' on her desk," when, in fact, it was merely a calendar. *Id*. at ¶¶ 23-24. Plaintiff claims that "[o]ther white employees were allowed to maintain items in an upright position on their desks . . . without adverse consequence to them." *Id*. at ¶ 25.

Moreover, Plaintiff asserts that her termination must be based on racial discrimination because while Defendant "justified" her discharge "on the ground that she referred to Jaskulski as a 'fat cow'" Jaskulski was not reprimanded when she "made offensive remarks to African[-]American employees" and referred to others as "sissy boys." *Id*. at ¶ 27. By contrast, Plaintiff asserts, before she was terminated, Greenhow warned Plaintiff that "if she ever referred

3

to a farm animal—such as by stating that she wanted a turkey burger—she would be terminated." *Id*. at ¶ 28.

On April 4, 2018, April 5, 2018, April 9, 2018, April 12, 2018, and May 18, 2018, she emailed McKinney to report this conduct that she felt was discriminatory. *Id*. at ¶ 35.

Plaintiff was "removed from the NGIA" building on May 23, 2018, and her employment was terminated effective June 1, 2018. *Id*. at ¶ 38.

On August 27, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 32. The EEOC mailed Plaintiff a right to sue letter on May 8, 2019. *Id.*

### B. Procedural Background

On August 7, 2019, Plaintiff filed her Complaint in the Circuit Court for Fairfax County, Virginia. Dkt. 1-1. Plaintiff served Defendants with her Complaint on December 14, 2020. Dkt. Nos. 6, 3; 7, 4. On January 11, 2021, Defendants removed the action to this Court. Dkt. 1. On January 19, 2021, Defendants filed the instant Motion (Dkt. 2), which Plaintiff opposed (Dkt. 6). On February 8, 2021, Defendants filed their Reply. Dkt. 7. Accordingly, this Memorandum and Opinion serves to address Defendants' Motion.

## II.  STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "test[] the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; '[they do] not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 99 (4th Cir. 2016) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). When deciding a Rule

4

12(b)(6) motion to dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)). To survive a motion to dismiss, a complaint "must contain sufficient facts to state a claim that is 'plausible on its face.'" *Kolon*, 637 F.3d at 440 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint containing only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Allegations "of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). At the motion to dismiss phase, a plaintiff does not need to plead facts constituting a *prima facie* case. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Rather, a plaintiff must simply plead facts adequate to raise their claims "above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

### B. Motion to Dismiss for Insufficient Service of Process

Motions to dismiss for insufficient service of process are governed by Federal Rule of Civil Procedure 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *United States v. Sea Bay Dev. Corp.*, No. 2:06-cv-624, 2007 WL 1378544, at * 2 (E.D. Va. May 8, 2007) (internal quotation and citation omitted). "A Rule 12(b)(5) motion is the proper vehicle for a claim of untimely service." *Id.* (citation omitted).

III.  ANALYSIS

Defendants argue that their Motion should be granted for two reasons. *See generally* Dkt. 3. First, AECOM claims that Plaintiff has failed to plead that AECOM was her employer and, therefore, has no basis for legal action against AECOM. *Id*. at 4-6. Second, Defendants maintain that Plaintiff's service of process was untimely. *Id*. at 2-3.

Plaintiff urges that she has adequately pleaded that AECOM was her employer. Dkt. 6, 4. Plaintiff also argues that her service of process was not untimely considering the Virginia Supreme Court's orders—tolling deadlines from March 16, 2020, through July 19, 2020. *Id.* at 2. Additionally, Plaintiff argues that dismissal with prejudice would not be proper "[s]ince this action would not have been dismissed with prejudice in the circuit court from whence it was removed[.]" *Id.* at 3-4 (citing *Rice v. Alpha Sec., Inc.*, 556 F. App'x 257 (4th Cir. 2014)).

The Court will address these arguments in turn.

### A.  Plaintiff has pleaded AECOM was her employer

AECOM has claimed that Plaintiff's action against it should be dismissed because Plaintiff "fails to allege any facts to establish AECOM was her employer." Dkt. 3, 4. The Court disagrees.

At this stage of the litigation, the Court finds that Plaintiff has pleaded sufficient facts to establish that AECOM was her employer. In her Complaint, Plaintiff sets forth that on "June 1, 2018, Defendant AECOM stated that AECOM Technology Corp. (a prior name for AECOM) was the employer of [Plaintiff.]" Dkt. 1-1, ¶ 6. Plaintiff also alleges that she "was employed by Defendants as a site security officer at the NGIA headquarters building[.]" *Id.* at ¶ 8. Though Plaintiff does not specifically identify which defendants that allegation references, her use of the plural—in a case with only two defendants—suggests that she is pleading that both defendants in this case were her employer. *See id.* This is particularly true viewing the allegations in the light

most favorable to Plaintiff, as this Court is required to do at the Rule 12(b)(6) stage. Thus, the Court is required to deny Defendants' Motion on this point.

B. Plaintiff failed to provide Defendants with adequate service of process

Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff's service of process was untimely. Dkt. 3, 2. On this point, the Court finds *Rice v. Alpha Sec., Inc.*, instructive. 556 F. App'x 257 (4th Cir. 2014).

In *Rice*, the probative questions were whether the plaintiff "failed to effect timely service under Virginia law and, if so, whether she could cure the defect upon removal of the case to federal court." *Id*. at 259. The court began by recognizing that "[u]nder Virginia law, service of process is timely if provided 'within twelve months of commencement of the action' or alternatively if the court finds that 'the plaintiff exercised due diligence to have timely service made on the defendant' but did not succeed." *Id*. (quoting Va. Code § 8.01-275.1).

In the case at bar, Plaintiff filed her Complaint in the Fairfax County Circuit Court on August 7, 2019, giving her through August 7, 2020, to properly serve Defendants under Virginia law. *See* Dkt. 1-1, 3. But Plaintiff served Defendants on December 14, 2020, over three months after the one-year deadline. Dkt. Nos. 6, 3; 7, 4.

Plaintiff does not argue that her service was timely because she "exercised due diligence to have timely service made on [ ] [D]efendant[s]." § 8.01-275.1; *see generally* Dkt. 6. Rather, Plaintiff argues that the Virginia Supreme Court's Orders, issued in light of the COVID-19 pandemic, tolled her service deadline until December 12, 2020, a Saturday, and pursuant to Va. Code § 1-210(A), the deadline was further extended to the next Monday—Monday, December 14, 2020. Dkt. 6, 2-3.

7

In the midst of the COVID-19 pandemic, the Virginia Supreme Court tolled "case-related deadlines" that fell between "March 16, 2020 through July 19, 2020" for a certain period of time. *In re: Seventh Order Extending Declaration of Judicial Emergency in Response to COVID-19 Emergency*, Supreme Court of Virginia, at 1-2, July 8, 2020, http://www.vacourts.gov/news/items/covid/2020_0708_scv_seventh_order.pdf (last visited August 25, 2021). However, Plaintiff's August 7, 2020 deadline was not within the March 16, 2020 to July 19, 2020 tolling period set forth in the Order that Plaintiff cites. *See id*. And to be sure, that Order provided that, with the exception of circumstances inapplicable here, "beginning on July 20, 2020," there would be "no further tolling of . . . case-related deadlines." *Id*. Accordingly, Plaintiff's December 14, 2020 service was insufficient under Va. Code § 8.01-275.1.

Plaintiff urges that, even if her service of process was untimely, her case should not be dismissed with prejudice, citing *Rice*, 556 F. App'x. Dkt. 6, 3. *Rice* was an employment discrimination case similar to the instant matter. *See Rice*, 556 F. App'x at 258. The plaintiff initially filed her complaint in the Circuit Court for Fairfax County, Virginia, as did this Plaintiff. *Id.* She failed to serve the defendants within one year of filing her complaint. *Id.* Those defendants removed the case to this Court and moved to dismiss the plaintiff's case for insufficient service of process. *Id.* The Court initially denied the motion, but, after hearing re-argument, then granted the defendants' motion and dismissed Rice's case with prejudice. *Id.* at 258-59.

On appeal, the court "vacate[d] the judgement of the district court and remand[ed] the case . . . with instructions to allow [the plaintiff] to serve process in accordance with 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m)." *Rice*, 556 F. App'x at 262. The appellate court acknowledged that "state law governs the case's procedure up to its removal, and a suit that failed to satisfy state procedural obligations cannot be revived by the language of" 28 U.S.C. § 1448, which affords

8

plaintiffs an additional 120 days after removal to serve process. *Id.* (citations omitted). But the Fourth Circuit reasoned that, because Virginia law provides a plaintiff the opportunity to nonsuit and refile a case in which the service of process deadline was missed, a plaintiff's case is not "legally dead" under Virginia law upon arriving in federal court. *Id.* at 260-62. The *Rice* court described the contours of non-suit under Virginia law:

> [a] nonsuit may be taken any time before (1) "a motion to strike the evidence has been sustained;" (2) "the jury retires from the bar;" or (3) "the action has been submitted to the court for decision." [Va. Code] § 8.01–380(A). . . . [A] plaintiff may obtain a nonsuit even if she has not perfected service or her time for perfecting service has expired, so long as a dispositive motion has not been filed. § 8.01–277(B); *see also Berry v. F & S Financial Marketing, Inc.*, 271 Va. 329 (Va. 2006).

556 F. App'x at 259. Therefore, the Fourth Circuit found that, "although her original service of process was defective, [plaintiff] [was] entitled to the opportunity to cure the defect in federal court post-removal" and found that while that plaintiff's service of process was not proper, the case should have been dismissed without prejudice. *Id.* at 261.

Similarly, here, it appears that this Plaintiff had the ability to non-suit in the Fairfax County Circuit Court under Virginia law. Va. Code § 8.01-380(A); Va. Code 8.01-277(B). This record does not reflect that one of the circumstances that might have precluded Plaintiff from filing for nonsuit had taken effect. Indeed, Defendants do not make that particular argument, but conclude that the Complaint "should be dismissed without prejudice pursuant to Rule 12(b)(5) for insufficient service of process." Dkt. 7, 5. This Court agrees.

## IV. CONCLUSION

Accordingly, for the foregoing reasons Defendants' Motion (Dkt. 2) is GRANTED and this action is DISMISSED without prejudice.

It is SO ORDERED.

Alexandria, Virginia
August 26, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge